IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ELBERTA KEENAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 3:11-CV-27 (CAR) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

## RECOMMENDATION

Plaintiff herein filed this Social Security appeal on February 25, 2011, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations prior to February 21, 2008. (Doc. 1). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the

evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

Plaintiff filed applications for disability insurance benefits and Supplemental Security Income benefits on October 19, 2005. (Tr. 100-106).  Her claims were denied initially and upon reconsideration.  (Tr. 53-59; 64-70).  A hearing was held before an Administrative Law Judge ("ALJ") in Athens, Georgia on June 8, 2009.  (Tr. 17; 96).  Thereafter, in a hearing decision dated July 13, 2009, the ALJ determined that Plaintiff became disabled on February 21, 2008[1].  (Tr. 17-26).   The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (Tr. 1-3).

*Statement of Facts and Evidence*

The Plaintiff was fifty-six (56) years of age at the time of the hearing before the ALJ, and alleged disability since October 24, 2005, due to ankle, foot, and knee problems, and arthritis. (Tr. 31, 114).  Plaintiff earned her G.E.D., and has past relevant work experience as a press operator, order puller, printer circuit board assembler, restaurant hostess, and food prep cook helper. (Tr. 24, 32).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: "a history of fractures of the left lower extremity, a history of open reduction and internal fixation of the left hip[,] and degenerative disc disease[.]"  (Tr. 19).  The ALJ found that Plaintiff did not have an impairment or

---

[1] Plaintiff acquired sufficient quarters of coverage to remain insured through December 31, 2006.  (Tr. 17).  The ALJ determined that Plaintiff was not disabled any time prior to December 31, 2006, and thus was not entitled to disability insurance benefits.  (Tr. 17-26).

combination thereof that met or medically equaled a listed impairment prior to February 21, 2008, and she remained capable of performing a limited range of light work as follows:

> [The claimant can] perform light work . . . with an ability to lift and carry 20 pounds occasionally and 10 pounds frequently with a sit/stand option at will and walk 4 hours in an 8-hour workday. Her ability to push and pull and fine and gross dexterity is unlimited except the claimant should not be required to push with the left lower extremity. She is able to occasionally climb stairs but should not climb ladders, ropes, scaffolds or run. In addition, the claimant is able to occasionally bend, stoop, crouch, crawl, balance, twist and squat. The claimant does not have a mental impairment.

(Tr. 20-21). Although Plaintiff could not return to her past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy, and thus, was not disabled prior to February 21, 2008. (Tr. 19-20). However, the ALJ determined that Plaintiff became disabled on February 21, 2008, because her age category changed. (Tr. 25).

## DISCUSSION

Plaintiff alleges that the ALJ erred in determining Plaintiff's Residual Functional Capacity ("RFC"), and erred by failing to properly consider Plaintiff's subjective complaints of pain. (Doc. 11).

*Residual Functional Capacity*

Plaintiff states that the ALJ's determination of her RFC was not supported by substantial evidence because the ALJ found Plaintiff to be capable of light work, which is inconsistent with the consultative doctor's opinion and her obesity. (Doc. 11).

A claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The determination of the RFC is an administrative assessment based on all the evidence of how Plaintiff's impairments and related symptoms affect her ability to perform work-

related activities. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The regulations state that the final responsibility for assessing a claimant's RFC rests with the ALJ, based on all the evidence in the record. *See* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 404.1546(c), 416.927(e)(2), 416.945(a)(3), 416.946(c). Relevant evidence includes medical reports from treating and examining sources, medical assessments, and descriptions and observations of a claimant's limitations by the claimant, family, neighbors, friends, or other persons. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

When deciding the evidence, an examining physician is generally entitled to more weight than a non-examining physician, unless good cause is shown. *Davison v. Astrue*, 370 Fed. Appx. 995, 996-97 (11th Cir. 2010); *Shaw v. Astrue*, 392 Fed. Appx. 684, 687 (11th Cir. 2010). "Good cause" as to why the Commissioner did not rely on the treating source's opinion can exist when the physician's opinion was not supported by the record evidence, the evidence supported a contradictory finding, or the physician's opinion was conclusory or inconsistent with the physician's own medical records. *Lewis*, 125 F.3d at 1440.

Herein, when determining the RFC, the ALJ afforded slight weight to the opinion of Dr. Sondi Moore-Waters, a consultative examiner. (Tr. 23). Dr. Moore-Waters submitted a medical assessment regarding Plaintiff's physical limitations. (Tr. 268-73). In the assessment, Dr. Moore-Waters found that Plaintiff has a history of arthritis and decreased mobility of her joints. (Tr. 270). Due to these problems, Dr. Moore-Waters opined that Plaintiff is "not able to do a lot of standing, walking, bending, or stooping. She has no problems with reaching or feeling." (Tr. 270). Dr. Moore-Waters concluded that Plaintiff could not return to her work as a hostess, or do a lot of standing as would be needed for her prep cook position. (Tr. 270).

The ALJ gave slight weight to the statements of Dr. Moore-Waters because Dr. Moore-Waters

"did not provide a definitive assessment of [Plaintiff's] ability to function on a sustained basis[.]" (Tr. 23). However, the ALJ found "it significant that [Dr. Moore-Waters] was not of the opinion that [Plaintiff] was precluded from all work but was unable to perform the duties of her prior work as a hostess and prep cook[.]" (Tr. 23). The ALJ stated that Dr. Moore-Waters's opinion was consistent with his determination that Plaintiff could not return to her past relevant work. (Tr. 23).

Plaintiff fails to demonstrate how the ALJ's RFC determination contradicts Dr. Moore-Waters's opinion. The ALJ included the limitations assessed by Dr. Moore-Waters in Plaintiff's RFC. The ALJ determined that Plaintiff could walk for four (4) hours in an eight (8) hour day, needed a sit/stand option at will, and could only occasionally bend and stoop. (Tr. 20-21). Dr. Moore-Waters stated that Plaintiff was not able to do a lot of standing, walking, bending, or stooping, and the ALJ sufficiently accounted for these limitations in Plaintiff's RFC. Thus, the record indicates that Plaintiff's RFC is consistent with Dr. Moore-Waters's opinion.

Plaintiff also alleges that the ALJ failed to consider the effects of Plaintiff's obesity when determining her RFC. (Doc. 11). The evidence shows that Plaintiff is 5'7", and there are clinical notes which show that from January 2006 to April 2006 Plaintiff weighed between 204 and 207 pounds. (Tr. 304). The record does not indicate, nor does Plaintiff cite, any medical evidence which diagnoses Plaintiff with obesity or identifies any functional limitations due to Plaintiff's alleged obesity. When there is no diagnosis of obesity, but the record contains clinical notes showing a consistently high body weight, the ALJ can use his judgment to establish the presence of obesity. SSR 02-1p. However, "Plaintiff['s] BMI [(body mass index)] is not determinative. *See* SSR 02-1p. Rather, the record must contain evidence demonstrating that Plaintiff's obesity, singly or in combination with her other impairments, affected her ability to perform [her RFC]." *Godbee v. Astrue*, 2010 WL 2892725, * 4 (S.D. Ga. June 30, 2010). While the evidence shows that Plaintiff's

5

weight and height could have classified her as obese, there is no evidence to indicate Plaintiff's weight increased the severity or functional limitations of her impairments.

Additionally, an ALJ does not err when he fails to reference obesity when it has not been alleged by the plaintiff. *See James v. Barnhart*, 177 Fed. Appx. 875, 878 n. 2 (11th Cir. 2006) (finding that the ALJ did not err in failing to find obesity to be a severe impairment where the plaintiff did not complain of obesity during her testimony); *Godbee*, 2010 WL 2892725 at *5 (finding no error when the ALJ did not reference obesity when the plaintiff did not raise obesity as an impairment and did not identify any evidence demonstrating limitations were warranted because of the obesity). Herein, Plaintiff does not allege that she is disabled due to her obesity in her application for disability benefits; rather, she stated that she was unable to work because of "4 screws in [her] ankle and foot, arthritis, [and her] knee don't (sic) bend". (Tr. 114). Also, when questioned by the ALJ about her medical conditions at her hearing, Plaintiff stated that her biggest problems were her back and hips, and did not mention difficulties due to her weight. (Tr. 34). As Plaintiff did not allege that obesity caused an impairment, the ALJ did not err when he did not mention her weight.

The ALJ's assessment of Plaintiff's RFC must be based on all relevant evidence. 20 C.F.R. § 404.1545. As seen above, the ALJ included the assessment limitations provided by Dr. Moore-Waters in Plaintiff's RFC. The ALJ also did not err by failing to discuss Plaintiff's alleged obesity, as there is no medical diagnosis of obesity, and Plaintiff did not allege obesity as an impairment. Accordingly, the ALJ did not err in his determination of Plaintiff's RFC.

*Plaintiff's Credibility*

Plaintiff alleges that the ALJ erred by failing to apply the proper legal standard when he evaluated Plaintiff's subjective complaints of pain. (Doc. 11). If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is

of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of the symptoms. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

To determine if Plaintiff's statements of an alleged symptom are credible, the ALJ must consider the intensity, persistence, and limiting effect of the symptoms, using Plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The ALJ must consider the record as a whole, including objective medical evidence, the individual's own statements about the symptoms, statements and other information provided by treating or examining physicians, psychologists, or other individuals, and any other relevant information. SSR 96-7p.

Herein, after discussing Plaintiff's testimony and subjective complaints, the ALJ determined that:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible prior to February 21, 2008, to the extent that they are inconsistent with the residual functional capacity assessment[.]

(Tr. 21). The ALJ detailed the symptoms Plaintiff testified to having and the symptoms reflected in the record, but found that Plaintiff's physical impairments did not prevent her from performing light work activity with specific limitations. (Tr. 21-24).

The ALJ applied the correct legal standard, in that he relied on the record as a whole to determine that Plaintiff's testimony was not credible in light of the evidence. After detailing the evidence provided in the record, the ALJ stated

> The claimant has admitted to several normal activities of daily living.
> For example, when examined in February 2006, the claimant expressed

7

> that she was able to perform some limited cooking and cleaning and did not require any assistance with bathing or dressing. . . . The claimant's actual daily activities reveal significantly greater physical and mental abilities than alleged.
>
> . . .
>
> In support of the residual functional capacity conclusion rendered in this decision, the undersigned notes the objective clinical findings do not support the claimant's alleged symptoms or functional limitations. Specifically, the claimant has no neurological deficits, no significant orthopedic abnormalities, and no serious dysfunctioning of the bodily organs that would preclude a level of light work, as set out above. Moreover, as discussed above, the claimant has admitted to certain abilities that provide support for the residual functional capacity conclusion rendered in this decision.

(Tr. 23-24).

While the ALJ did cite to Fifth Circuit case law in his determination that Plaintiff's subjective complaints of pain were not credible, the ALJ did not incorrectly apply the law.  The ALJ applied the pain standard and found that Plaintiff's impairments could reasonably lead to the subjective complaints of pain.  However, after assessing the credibility of Plaintiff's complaints, the ALJ found that Plaintiff's complaints prior to February 21, 2008 (date she became disabled) were not credible.  (Tr. 21).  The ALJ has clearly articulated his findings regarding Plaintiff's credibility prior to February 21, 2008, which rely on the objective medical evidence, notes from examining and non-examining physicians, Plaintiff's daily activities, and Plaintiff's statements regarding her symptoms.  (Tr. 21-24).

Furthermore, it is important to note that Plaintiff cites to Plaintiff's medical records from September 25, 2008 and to Plaintiff's testimony at her hearing before the ALJ which occurred on June 8, 2009 to support her contention that the ALJ incorrectly discredited Plaintiff's subjective complaints of pain.  The ALJ clearly states that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible prior to February 21, 2008, to the extent that they are inconsistent with the residual functional capacity assessment[.]" (Tr. 21).  The symptoms and

complaints which Plaintiff cites to were after February 21, 2008, and thus, do not relate to this credibility determination.

The ALJ adequately considered the Plaintiff's subjective accounts of symptoms and physical limitations, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p.  The ALJ also provided adequate and specific reasons for discrediting Plaintiff's subjective accounts, relying on the medical evidence that conflicted with Plaintiff's allegations of a disabling impairment.  As the ALJ correctly applied the Social Security rules and regulations when determining the credibility of Plaintiff's subjective complaints of pain, the ALJ did not commit reversible error.

## CONCLUSION

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**  this 14th day of December, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf